T.C. Memo. 1997-12


UNITED STATES TAX COURT


ROBERT K. LAHODNY, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7875-93.                    Filed January 7, 1997.


Robert K. Lahodny, pro se.

Christine V. Olsen, for respondent.


MEMORANDUM OPINION


LARO, Judge:  Respondent moves for partial summary judgment, arguing that petitioner's plea of guilty to criminal fraud under section 7201 collaterally estops him from rebutting her determination that he is liable for civil fraud under section 6653(b) for the same years.  Respondent supports her motion with

two exhibits, namely: (1) A grand jury indictment (Indictment) of petitioner and Andrew Winslow Willis, and (2) petitioner's plea agreement (Plea Agreement) to the charges contained in the Indictment. The Court ordered petitioner to respond to respondent's motion on or before November 19, 1996. Petitioner failed to do so.

The Court must decide whether petitioner is collaterally estopped from contesting that deficiencies in his income taxes for the years at issue were due to fraud within the meaning of section 6653(b) on account of his plea of guilty to a violation of section 7201. We hold he is. Unless otherwise stated, section references are to the Internal Revenue Code in effect for the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure. Dollar amounts have been rounded to the nearest dollar.

## Background

Petitioner petitioned the Court to redetermine respondent's determination of deficiencies of $168,198 and $32,696 in his 1979 and 1980 Federal income taxes, respectively, and $84,099 and $16,348 additions to those respective taxes under section 6653(b). Petitioner resided in Texarkana, Texas, when he petitioned the Court.

Petitioner was a defendant in the criminal case United States v. Lahodny, which was docketed in the U.S. District Court for the Southern District of California. In connection with this

case, petitioner pleaded guilty on June 6, 1985, to tax evasion for 1979 and 1980 in violation of section 7201. Petitioner was represented by counsel when he pleaded guilty.

Petitioner had been indicted in or about May 1983 with respect to the criminal matter. The Indictment charged that petitioner was a partner in a major marijuana importation and distribution network during the subject years, and that petitioner used offshore entities and foreign bank accounts to "launder" profits from that activity. The Indictment charged that petitioner knowingly and willfully attempted to evade Federal income tax for 1979 and 1980 by filing false and fraudulent Federal income tax returns for those years in violation of section 7201. The Indictment charged that petitioner's 1979 taxable income was approximately $346,098, and that his 1980 taxable income was approximately $80,152.

Respondent determined that petitioner received unreported drug proceeds of $346,098 and $80,152 in 1979 and 1980, respectively, and that these proceeds were includable in petitioner's gross income for those years. Petitioner's 1979 and 1980 tax returns reported that his 1979 and 1980 gross income was $2,370 and $7,800, respectively.

## Discussion

Rule 121(a) provides that either party may move for summary judgment upon any or all parts of the legal issues in controversy. When either party makes such a motion, the opposing

party must file "An opposing written response, with or without supporting affidavits, * * * within such period as the Court may direct." Rule 121(b). A decision on the merits of a party's claim will be rendered by way of summary judgment "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Id. The moving party must prove that there is no genuine issue of material fact, and factual inferences are viewed in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Preece v. Commissioner, 95 T.C. 594, 597 (1990).

The instant case is ripe for summary judgment. It is well established that petitioner's conviction of criminal tax evasion for 1979 and 1980 under section 7201 collaterally estops him from denying that deficiencies in his income taxes for those years were due to fraud for purposes of section 6653(b). The elements of criminal tax evasion under section 7201 are not dissimilar to the elements of civil tax fraud under section 6653(b), and a guilty plea is equivalent to a conviction after trial for the purpose of collateral estoppel. See, e.g., Johnson v. Sawyer, 47 F.3d 716, 722 (5th Cir. 1995); Gray v. Commissioner, 708 F.2d 243 (6th Cir. 1983), affg. T.C. Memo. 1981-1; Tomlinson v. Lefkowitz, 334 F.2d 262, 264-265 (5th Cir. 1964); Castillo v.

Commissioner, 84 T.C. 405, 409-410 (1985); Brooks v. Commissioner, 82 T.C. 413, 431 (1984), affd. without published opinion 772 F.2d 910 (9th Cir. 1985); Amos v. Commissioner, 43 T.C. 50 (1964), affd. 360 F.2d 358 (4th Cir. 1965).

Respondent's motion for partial summary judgment will be granted.

To reflect the foregoing,

An appropriate order will be issued.